

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-569



FILED

Sep 28 2020, 2:53 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## Brian Kinman,
*Appellant-Defendant,*

—v—

## State of Indiana,
*Appellee-Plaintiff.*

---

Decided: September 28, 2020

Appeal from the Fayette Circuit Court
Nos. 21C01-1802-F5-131, 21C01-1906-F5-467
The Honorable Hubert Branstetter, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals
Case No. 19A-CR-2718

---

**Per Curiam Opinion**

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

**Per curiam.**

On July 3, 2019, Brian Kinman pleaded guilty to Level 5 felony possession of a narcotic drug and Level 6 felony residential entry. Kinman orally moved to withdraw his guilty plea at the October 18 sentencing hearing, but the trial court denied the motion and sentenced Kinman that day.

On November 7, Kinman filed a *pro se* motion to vacate judgment and withdraw his plea, followed shortly thereafter by a petition to amend his sentence and a motion for transport. The trial court summarily denied these motions on November 18, and the Court of Appeals affirmed, finding no abuse of discretion. *Kinman v. State*, 149 N.E.3d 619 (Ind. Ct. App. 2020).

We grant transfer, vacating the Court of Appeals opinion. *See* Ind. Appellate Rule 58(A). But we summarily affirm the portion of the Court of Appeals opinion finding that Kinman's oral motion to withdraw his guilty plea was procedurally defective, so the trial court did not abuse its discretion in denying it. *See Kinman*, 149 N.E.3d at 627.

We also agree with the Court of Appeals that because Kinman's post-sentencing motion to vacate the judgment and withdraw the guilty plea was written and verified, as required by Ind. Code section 35-35-1-4(b), it is governed by Indiana's Post-Conviction Rules and "shall be treated by the court as a petition for postconviction relief[.]" *See* 149 N.E.3d at 627, citing I.C. § 35-35-1-4(c).

Indiana Post-Conviction Rule 1(6) provides that the trial court "shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." However, the trial court failed to include in its summary order any findings or conclusions on the issues Kinman raised in his *de facto* petition for post-conviction relief. We therefore remand this matter for entry of a revised order that complies with Indiana's Post-Conviction Rules, including Rule 1(6).

All Justices concur.

ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana